Alice Jean **HALEY**, Appellant,

v.

Michael L. **HALEY**, Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1978.

Anthony L. Warth, Louisville, for appellant.

G. Phillip Deeb, Sr., Louisville, for appellee.

Before GANT, HOGGE and HOWERTON, JJ.

HOWERTON, Judge.

This is an appeal from an order of the Circuit Court denying appellant's motion to modify the child support provisions of a settlement agreement. The agreement was entered into on September 8, 1974, and it was later incorporated into the decree dissolving the marriage of the parties.

This controversy began in December, 1977, when appellant moved the court for a rule ordering appellee to show cause why he should not be required to maintain medical insurance on the child; to pay all medical and dental bills not covered by his insurance; to pay for the child's therapy with a psychologist; to maintain sufficient life insurance to cover future support payments; to pay the child's expenses at a private school; and to increase the support payments from $35.00 to $60.00 per week.

The matter was referred to a commissioner, and a report was filed recommending that appellee be required to pay one-half of the child's medical bills not covered by the insurance he already carried and that the amount of child support be raised from $35.00 to $45.00 per week. Both parties filed exceptions to this report pursuant to CR 53.06(2). The trial judge issued an order modifying the recommendations and ruling that so long as appellee continues to provide medical insurance, his liability is limited to the coverage, but if the insurance is discontinued appellee would then be responsible for one-half of the child's medical bills. The order also stated that there was no basis for increasing the amount of child support.

Appellant advances several arguments in support of her contention that the trial court's order is erroneous and should be reversed. First, she argues that the trial judge erred in finding that appellee had no duty to provide the child's medical insurance because that issue was not before the

court. Appellant suggests that the issue became moot when the commissioner entered his finding that appellee already carried insurance on the child and the trial court was therefore without authority to rule upon it. As it was appellant's petition that brought this issue before the trial court in the first place, we have little difficulty in rejecting her complaint that the judge decided the question of insurance *sua sponte.*

■ Appellant's second allegation of error centers on the failure of the trial court to accept the commissioner's recommendation that appellee pay one-half of the child's medical expenses not covered by his insurance. She contends that the trial court may not disturb the commissioner's findings of fact and conclusions of law unless they are clearly erroneous. This is not the law in Kentucky, CR 53.06(2) provides in part, "The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." Thus, the clear language of the rule allows the trial judge complete discretion as to the use of a commissioner's report. We, therefore, see no error in the trial court's decision not to adopt all of the commissioner's recommendations.

■ Appellant further contends that the language of CR 53.06(2) requires the court to provide a hearing on the exceptions to the commissioner's report before modifying or rejecting it, and thus the failure of the trial court to hold such a hearing constitutes reversible error. We are of the opinion that the reference to a "hearing" in CR 53.06(2) merely intends that the parties be afforded an opportunity for oral argument. A full-blown evidentiary hearing is not contemplated by the rule.

■ Although the parties disagree as to whether the trial court heard oral arguments on the exceptions, we believe that appellant has waived any complaint on that issue by her failure to object. The record is devoid of evidence showing any objection to the submission of the case without oral argument, and this court is bound by what appears in the record. *Garrison v. Garrison,* Ky., 253 S.W.2d 626 (1952). Thus, appellant may not predicate error on the court's failure to hold a hearing on the exceptions.

■ Appellant's final contention is that the trial court abused its discretion in setting aside the commissioner's recommendation that the amount of child support be increased from $35.00 to $45.00 per week. We do not agree. In order to warrant a modification of the terms of the support agreement, the moving party has the burden of showing changed conditions so substantial and continuing as to make the terms of the original agreement unconscionable." KRS 403.250(1). The term "unconscionable" has been construed to mean "manifestly unfair or inequitable." *Wilhoit v. Wilhoit,* Ky., 506 S.W.2d 511, 513 (1974). The trial judge in this case determined that appellant failed to meet this test, and we are not willing to say his decision is clearly erroneous or constitutes an abuse of discretion. The monetary provisions of the settlement agreement were modified in part by the requirement that the appellee either continue to provide medical insurance or pay one-half of any medical expenses.

■ Appellant asserts that the court's failure to reject the commissioner's findings of fact as clearly erroneous, or to enter contrary findings, necessarily leads to the conclusion that the trial court's order is unsupported by the evidence. Although the trial judge modified the commissioner's suggested order, he did not alter the attached findings of fact. It therefore appears that the court intended to adopt those findings. CR 52.01. Furthermore, the record indicates that neither party requested additional findings from the judge. CR 52.04.

On this record, we cannot say that any abuse of discretion has been demonstrated. Therefore, the judgment of the trial court is affirmed.

All concur.