Paul C. DEEMER, Guardian for Martha Deemer;  and Paul C. Deemer, Individually, Appellants,

v.

Dr. Frederick FINGER, III and Frederick Finger, III, M.D., P.S.C., Appellees.

No. 89–SC–768–DG.

Supreme Court of Kentucky.

Oct. 18, 1990.

On Grant of Rehearing Aug. 29, 1991.

Second Petition for Rehearing Denied Nov. 21, 1991.

Larry B. Franklin and Michael R. Hance, Louisville, for appellants.

David F. Broderick and Elizabeth Y. Downing, Bowling Green, for appellees.

COMBS, Justice.

The present review concerns a medical malpractice action which resulted in a jury verdict for the defendant.

The circuit court in which the case was tried had activated the videotape system to officially record the proceedings. *See* CR 98. Reviewing the videotapes some months after the trial, while in the course of prosecuting an appeal on various issues, the plaintiff's counsel came upon a recorded conversation between the trial judge and a juror. The dialogue, unheard by counsel for either party, unfolded as follows:

COURT: Good morning, ma'am.

JUROR: When you say not to discuss the case, how about saying things like "Well, how long do you project that you will be gone?" or something?

COURT: Oh—no that's okay.

JUROR: Actually, I can say—like they've said—"possibly two weeks," something like that?

COURT: No, that's okay.

JUROR: That's okay?

COURT: Sure. You can tell them but you can't come up with a date, I guess. That's fine.

JUROR: Well, my husband came home and told me more about this case than I knew of, so—

COURT: Well,—

JUROR: There are things out there but I just don't know what we can do—

COURT: Well, you shouldn't have any discussions at all, other—that type of discussion is okay.

JUROR: Okay.

COURT: Okay.

This juror became the foreman of the jury.

Appellant argued in his brief filed in the Court of Appeals that this lately discovered exchange compromised the integrity of the verdict. The appellee's brief addressed the merits of the issue, but also challenged it on procedural grounds, arguing that it had not been raised in the appellant's pre-hearing statement. Appellant then formally moved the Court of Appeals to consider the issue. The court denied the motion, and ordered the argument stricken from the briefs. Appellant's motion to reconsider was denied, for the stated reason that the Court of Appeals "is limited in its review to issues presented to the trial court." Appellant did not petition for discretionary review of this order, but, following an adverse decision on all other issues, sought review of the entire case, arguing with respect to juror misconduct that the Court of Appeals had abused its discretion in refusing to consider the issue.

Appellee contends that the question is foreclosed for the reason that the appellant failed to seek discretionary review within twenty days after the Court of Appeals' denial of reconsideration.[1] Viewed in its context, however, the order of denial was interlocutory, not finally determinative of appellant's ultimate claim for relief, i.e., a new trial. The appeal proceeded on other issues; had appellant prevailed on these, or any of them, the rejection of the one issue would have been moot (except perhaps as the subject of a precautionary cross-motion for discretionary review). We do not interpret CR 76.20 to require piecemeal review, or a separate

---

1. "A motion for discretionary review by the Supreme Court of a Court of Appeals decision shall be filed within 20 days after the date of the order or opinion sought to be reviewed unless ... a timely motion for reconsideration ... has been filed ... in which event a motion for discretionary review shall be filed within 20 days after the date of the order denying the ... motion for reconsideration, or, if it was grant-ed, within 20 days after the date of the opinion or order finally disposing of the case in the Court of Appeals." CR 76.20(2)(b).

"The failure of a party to file a Motion for Discretionary Review within the time specified in this Rule ... shall result in a dismissal of the Motion for Discretionary Review." CR 76.-20(2)(d).

motion for discretionary review of an interlocutory order, when a single review will justly serve the interests of all parties and the interest of judicial economy. Rule 76.-20(3)(b) requires that the motion state the date only of *final disposition* by the Court of Appeals. Under CR 76.20(4), the record on the motion is to include the decision on any motion for reconsideration. Appellant's motion for review timely followed the final decision of the Court of Appeals. CR 76.20(2)(d) therefore does not mandate dismissal. If we may review the outcome, certainly we may review the interlocutory order, which presented a ripened issue only upon determination of the appeal.

■ We believe the Court of Appeals abused its discretion in refusing to consider the issue of juror misconduct. We have adopted videotaping technology as a means to further the ends of justice. In the present case, it has revealed a serious trial error which, absent the innovation, might have gone undetected. Reviewing the entire videotaped record of a lengthy trial (three weeks in this case) is necessarily time-consuming. Considering that counsel were neither privy to nor advised of the judge-juror conversation in question, it is not surprising that the incident was discovered well after the appeal process was underway. Yet the appellee was not "ambushed" in the Court of Appeals. The issue was raised when recognized, and was briefed by both parties.

■ The Court of Appeals is of course correct in that, ordinarily, appellate courts do not review issues which have not been presented to the trial court. It is conceptually difficult to conclude that a lower court has committed error on an issue not raised before it. Generally, as implied by the Court of Appeals, an appropriate remedy may lie in a motion pursuant to CR 60.02, to introduce the issue in the trial court. On the other hand, a palpable error affecting the substantial rights of a party, even if insufficiently raised or preserved, is reviewable, and, upon a determination that it

has resulted in manifest injustice, reversible. CR 61.02.

■ CR 60.02 does not afford the present appellant an adequate opportunity for relief. In a very real sense, the issue *was* initiated in the trial court, through the direct revelations of the juror concerning the information about the case imparted to her by her husband. In the same sense, the trial court *has* once ruled on the issue, deciding, without participation of counsel, that "that type of discussion is okay." The opportunity for a timely and meaningful inquiry into the details of the juror's extrinsic fact-gathering vanished long ago. In a proceeding under CR 60.02, not only would the trial court be reviewing its own error, but the product of any evidentiary hearing would be less reliable than the contents of the present record.

■ However inadvertently, the trial court, in eschewing further inquiry, in condoning the juror's extra-court conversation, and in failing to notify counsel of her remarks, committed palpable error. The juror's comments fairly command the inference that she allowed her husband to address her concerning the substance of the case being tried, in transgression of her oath [2] and the court's admonitions. Considering the accumulated record (and in particular the fact that the trial judge and defense counsel, in a recorded television interview broadcast during the course of this trial, commented on excessive and escalating jury verdicts for plaintiffs), we will not presume that this juror's independent knowledge failed to affect her decision in the case. We must hold that the cause was not tried by a fair and impartial jury, and that the appellant suffered manifest injustice and is entitled to a new trial.

Only one other issue remains viable. That is whether, upon retrial, the appellant's expert ought to be allowed to testify that the defendant had deviated from the standard of care applicable to a "mere resident," when the defendant was *not* a

**2.** "[N]ot to converse with, nor allow themselves to be addressed by, any other person on any

subject of the trial ..." KRS 29A.310(1).

"mere resident". Should a second trial develop similarly to the present record, we agree with the Court of Appeals that the court may admit or exclude this testimony in its sound discretion.

The judgment is reversed, and this matter is remanded to the Warren Circuit Court for further proceedings.

LAMBERT and LEIBSON, JJ., concur.

SPAIN, J., concurs in result only.

WINTERSHEIMER, J., files a separate dissenting opinion, in which STEPHENS, C.J., joins.

REYNOLDS, J., not sitting.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the method employed by the majority to achieve the results which it desires. Clearly the majority has broken new ground in regard to CR 76.32 in that it applies the manifest injustice or palpable error standard in interpreting the opening phrase of the rule "except in extraordinary cases when justice demands it...." It is difficult to quarrel with the development of a manifest injustice philosophy but in this case it seems to work an undue burden on a previously successful litigant without a sound reason.

Other than the manifest injustice interpretation, there is no legal basis to support the granting of the petition for rehearing. A petition for rehearing will be granted only in extraordinary cases and it is only justified when a material fact in the record, or a controlling statute or decision has been overlooked, or issues or applicable law have been misconceived. A careful review of the record in this case and the earlier decision of this Court indicates that the Deemers have presented nothing in addition to what has been previously considered. The petition for rehearing is a request for this Court to change its mind from its original decision. This results in undermining the long-standing rule that a petition for rehearing will be denied when nothing is presented that was not considered at the original hearing. *Cf. Haw-*

*kins v. Sunmark Industries, Inc.,* Ky., 727 S.W.2d 397 (1986) (dissenting opinion of Justice Leibson). Under the law as it existed until this date, the petition for rehearing should be denied.

On the merits of the case, this Court was correct when it held that CR 60.02 was the only appropriate procedure that could be used by the Deemers in this case. They question the effect and appropriateness of the use of CR 60.02, but they do not specifically set out how the original majority of this Court overlooked or misconceived any material fact, controlling statute or decision in the original opinion. CR 60.02 states in pertinent part that "On motion, a court may upon terms as are just, relieve a party or his or her legal representative from its final judgment, order or proceeding upon the following grounds: ... (f) Any other reason of an extraordinary nature justifying relief." The original majority opinion held that the purpose of an appellate court is to rule on matters arising in the trial upon which there has already been a ruling by the trial court and timely objections made to such ruling. The Deemers argue that prejudicial error occurred based on juror misconduct and judicial error. They contend that this error was not discoverable until after the appeal was filed and the appropriate remedy was to permit an amendment of the prehearing statement and resolution at the appellate level. Obviously, the trial court had not been involved in the resolution of the alleged error. CR 76.14 gives no relief to the Deemers because that rule is not designed to bring before the reviewing court matters which are not ruled upon in the original trial court. When the Deemers attempted to amend their prehearing statement, the record did not indicate in any way that prejudicial or serious error had occurred in regard to the alleged misconduct of the juror. CR 60.02 provided the only means in which the trial judge could evaluate the alleged error and develop the record by means of a hearing of testimony.

When they discovered the alleged juror misconduct, the Deemers made a strategic decision to continue to amend the prehear-

ing statement and to include the issue then pending appeal. This was an unauthorized amendment of the prehearing statement in an attempt to address an issue not considered at the trial level and to which no timely objection had been made. The Court of Appeals correctly determined that the attempted amendment pursuant to CR 76.14 was not the proper procedural approach and this Court originally affirmed that holding. The issue about which the Deemers complain has not been considered by the trial judge and the proper procedure would be pursuant to a motion under CR 60.02 and not CR 76.14.

The development of a record on the question by means of the 60.02 motion would have been much more beneficial than attempting to amend the prehearing statement.

There is no merit to the argument that strict compliance with the rules and in particular CR 60.02 serves no legitimate purpose. The rule provides extraordinary relief for extraordinary circumstances. At this point there is no evidence in the record which indicates that the juror in question violated her oath to impartially try the case and return a true verdict according to the law and evidence as required by K.R.S. 29A.300.

Clearly all parties to any litigation are entitled to an absolutely fair and impartial trial.

It is ironic that the Deemers should raise the question of further consideration by Justice Gant who was not present at the oral arguments on August 30, 1990. The very error that the Deemers complain of was discovered by them as a result of reviewing video tapes. The oral arguments before the court were video-taped and made available to the absent justice. The benefits of video taping should be applied to all circumstances but must be carefully monitored in regard to the trial situation so that a reviewing court does not substitute its opinion for that of the trier of fact.

Use of CR 60.02 does not prejudice the Deemers but use of CR 76.14 could work a hardship on Finger. Relief can be given to the Deemers under the existing rule.

Rehearing should be denied.

STEPHENS, C.J., joins in this dissent.