Sandra Sutton EILAND, Appellant,

v.

Walter Lee FERRELL, Jr., Appellee.

No. 95–SC–1058–DG.

Supreme Court of Kentucky.

Jan. 30, 1997.

G. William Bailey, Jr., Bailey Law Office, Elizabethtown, for Appellant.

Rhonda M. Copley, Lonneman & Associates, P.S.C., Elizabethtown, for Appellee.

LAMBERT, Justice.

In an opinion which addressed the relationship between CR 53.06(2) and CR 52.03, the Court of Appeals held the timely filing of objections [1] to a domestic relations commissioner's report to be essential to preservation of issues for appellate review, notwithstand-

---

1. In the instant case and widely throughout this jurisdiction, the term "exception" or some form thereof is used to denote the procedure by which one obtains trial court review of the report of a domestic relations commissioner pursuant to CR 53.06. The rule in question does not use the term "exception" but rather speaks of "objections." In the interest of consistency with the rule, we will use the term "objection" herein.

ing the trial court's actual consideration of untimely filed objections. This Court granted discretionary review to determine the proper application of the rules and also to determine whether the provisions of CR 53.06(2) should be inflexibly applied or whether the trial court has discretion to depart from strict compliance.

The marriage of the parties was dissolved in 1987 in El Paso County, Texas. By the terms of the decree, appellee was required to pay certain uncovered medical, dental and orthodontic expenses incurred by appellant. The judgment of the Texas court was registered in Hardin County, Kentucky, and an action was brought for enforcement of the judgment.

After hearing the conflicting evidence, the domestic relations commissioner rendered a report by which appellee would be required to pay something more than he acknowledged owing but less than appellant claimed. Both parties objected to the commissioner's report, but appellant's filing was two days late. Prior to any ruling on the objections, appellee moved to have appellant's objections excluded on grounds of untimeliness. Thereafter, the trial court entered an order reciting that each party had objected to the amount of the recommended judgment and disclosing their respective contentions with regard to the amount actually owed.[2] The court then held that the commissioner's findings of fact and conclusions of law were supported by credible evidence and applicable precedent and overruled both parties' objections. Judgment was entered accordingly.

The parties made motions to alter, amend or vacate the judgment and all such motions were overruled. Despite appellee's motions which sought exclusion of appellant's objections both before and after entry of judgment, the trial court declined to rule directly. Instead, the trial court addressed the merits of the parties' objections, implicitly overruling the motions to exclude.

The Court of Appeals construed the actions of the trial court as having failed to consider appellant's objections. "He [the trial court] generally ignored Eiland's exceptions to the commissioner's report and adopted it. We will not speculate as to what might or should have happened had the exceptions been timely filed." Slip op. at 3. On this basis, it concluded that the untimely objections were fatal to any right of appellate review due to lack of preservation.

As stated hereinabove, our reading of the trial court order is different from the Court of Appeals. As we read the order, the trial court considered both parties' objections to the report of the domestic relations commissioner. It simply overruled the objections and accepted the commissioner's report. The question we must answer, therefore, is whether the trial court was entitled to consider the untimely objections. We must consider, as well, whether the filing of objections pursuant to CR 53.06(2) is necessary for preservation of the issue for appellate review, or whether CR 52.03 authorizes appellate review without regard to objections to the commissioner's report.

■ In actions tried by the court without a jury, the sufficiency of evidence to support the findings of fact may be raised on appeal without regard to whether there was an objection to such findings or whether there was a post-judgment motion. CR 52.03. In William O. Bertlesman and Kurt A. Philips, 7 *Kentucky Practice*, § 52.03 (4th ed. 1984), it is explained that "[a]n objection of this nature would be a needless formality since the very basis of the final judgment is involved." When the only issue is whether the evidence was sufficient to support the findings of the trial court, there is no need to object or make additional motions. Such objections or mo-

2. The text of the order of the trial court is as follows:

This action comes before the Court on exception by the Petitioner and Respondent to the report of the Domestic Relations Commissioner. Each party excepts to the amount of the Judgment of $3,360.39 awarded to the Petitioner. The Petitioner contends the Judgment should be for $6,336.40 and the Respondent contends the Judgment should be $2,535.17.

The Court finds that the Commissioner's findings of fact and conclusions of law are supported by credible evidence and applicable precedent.

WHEREFORE, IT IS ORDERED that the exceptions are OVERRULED.

tions call for nothing more than review of a completed act and are redundant or worse. *Fleming v. Rife*, Ky., 328 S.W.2d 151 (1959).

■ Other circumstances, however, require motions or objections subsequent to the findings. If the findings are objectionable on grounds other than insufficiency of evidence, an objection or appropriate motion should be made to identify the defect. Such would surely apply where findings are ambiguous or incomplete. In particular, CR 52.04 requires a motion for additional findings of fact when the trial court has failed to make findings on essential issues. Failure to bring such an omission to the attention of the trial court by means of a written request will be fatal to an appeal. *Cherry v. Cherry*, Ky., 634 S.W.2d 423 (1982). The thread which runs through CR 52 is that a trial court must render findings of fact based on the evidence, but no claim will be heard on appeal unless the trial court has made or been requested to make unambiguous findings on all essential issues.

■ A great many circuit courts in Kentucky make use of domestic relations commissioners. The rules relating to such commissioners are found in CR 53.03–53.06, inclusive. Of significance here is CR 53.06 which relates to the report of the commissioner. Subsection (2) of CR 53.06 provides that within ten days after notice of the filing of the report, any party may serve written objections and have a hearing thereon before the circuit court. With respect to the report, the court may adopt, modify or reject it, in whole or in part, and may receive further evidence or may recommit it with instructions. In sum, the trial court has the broadest possible discretion with respect to the use it makes of reports of domestic relations commissioners. *Haley v. Haley*, Ky.App., 573 S.W.2d 354 (1978). *See also Basham v. Wilkins*, Ky. App., 851 S.W.2d 491 (1993), which confirmed the right of the trial court to reevaluate the evidence and reach a different conclusion than the commissioner. Heretofore unanswered is whether the court may also consider untimely objections as a basis for its action on such reports.

■ While actions tried before the court without intervention of a jury are governed by CR 52, *et. seq.*, it seems apparent that on matters referred to a commissioner pursuant to CR 53.03, the specific provisions of the rules relating to commissioners prevail. *Williams v. Commonwealth*, Ky.App., 829 S.W.2d 942 (1992). In general, a party who desires to object to a report must do so as provided in CR 53.06(2) or be precluded from questioning on appeal the action of the circuit court in confirming the commissioner's report. *United States v. Central Bank & Trust Co.*, Ky., 511 S.W.2d 212 (1974). Such a rule does not create in the commissioner an additional level of the Court of Justice or elevate the status of the office, but merely recognizes that enforcement of such a rule is necessary as the means of informing the trial court of the parties' disagreement with or complaint about the report. Ordinarily, appellate courts review only the orders or judgments of lower courts, and pursuant to CR 46, a party must make "known to the court the action which he desires the court to take or his objection to the action of the court." If we should merely apply the provisions of CR 52.03, as appellant urges, and authorize review of questions of sufficiency of evidence without requiring objections to the commissioner's report, appeals would be taken from trial court judgments adopting commissioner's reports without the trial court ever having been apprised of any disagreement with the report. Not only would this amount to the blind-siding of trial courts, it would also result in unnecessary appeals, confusion in appellate courts, needless reversals, and in general, would invite all the mischief associated with appellate review of unpreserved error.

■ In this case, however, the trial court actually considered appellant's untimely objections. While it was not obligated to consider such objections, and would have been fully entitled to ignore or strike the tendered objections, in view of the broad discretion available to the trial court with respect to actions on commissioners' reports, we cannot say there was an abuse of discretion. It could be assumed that the court's failure to rule on the motion to strike the untimely

objection and subsequent consideration of it amounted to an enlargement of time pursuant to CR 6.02. Moreover, when the trial court ruled on the objection, whatever the theoretical basis, the purposes served by application of rules of preservation were satisfied and there could be no unfairness or other impropriety associated with appellate review of the final judgment on the merits.

In summary, we believe it is essential to enforce the provisions of CR 53.06 with respect to objections to domestic relations commissioners' reports. Without such enforcement, much of the benefit associated with such commissioners will be lost. On the other hand, we are loath to restrict the broad discretionary authority of trial courts in such matters, and where it appears that untimely objections have been considered, no sound policy prevents appellate review.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and this cause remanded to the Court of Appeals for substantive review of the appeal.

STEPHENS, C.J., and COOPER, GRAVES, JOHNSTONE, LAMBERT and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent because I believe the Court of Appeals correctly held that CR 52.03 does not apply to enlarge the time to file exceptions to a commissioner's report.

The civil rules provide a specific mechanism to challenge the commissioner's report which is CR 53.06(2). Specific provisions take precedence over general provisions. *Cf. Williams v. Commonwealth,* Ky.App., 829 S.W.2d 942 (1992).

Therefore, the Court of Appeals correctly held that Eiland failed to preserve her issues by timely filing exceptions to the commissioner's report as required by CR 53.06(2).

The Court of Appeals and the trial court should be affirmed.