**Carol A. KELLEY, Appellant,**

v.

**Carl D. FEDDE, Appellee.**

**No. 2000–SC–0451–DG.**

Supreme Court of Kentucky.

Jan. 17, 2002.

Glen S. Bagby, J. Robert Lyons, Jr., Woodward, Hobson & Fulton, LLP, Lexington, Mary Hall–Sergent, Ashland, for appellant.

Richard A. Hughes, Ashland, for appellee.

### FACTS

STUMBO, Justice.

Carol Kelley and Carl Fedde were divorced in 1993. At that time, Carol was awarded sole custody of the couple's two minor children, the elder of which has now reached the age of majority. The issue at this time is the custody of the minor child, now fifteen.

From the time of the divorce, there have been numerous disputes over visitation and child support. In 1997, Carl filed a motion to enforce visitation. The matter was referred to the Domestic Relations Commissioner (DRC), who conducted a number of hearings. Sometime after the first hearing and an in-camera interview with the child, the DRC expressed concerns that the parties' lack of cooperation concerning visitation was harmful to the child. Prior to the second hearing, Carl filed a statement suggesting the possibility of joint custody. At the second hearing, the DRC denounced Carol's "pattern of interference" with visitation, noted that the child had indicated a desire for joint custody, and advised Carl that, if he seriously wanted to pursue joint custody, he should file custody affidavits. Carl filed a formal motion for change of custody, further hearings were held, and both parties presented evidence. The DRC then filed a report with the circuit court recommending joint custody.

Appellant filed a timely objection to the DRC's report to which Appellee responded. Both parties requested that the court review transcripts of the evidence before ruling. Nearly two months later and without further hearing on the objections, the circuit court entered its order awarding Appellee sole custody. The transcripts had not yet been filed with the court. The trial judge remarked on the couple's long history of conflict over the child and stated that a joint custody arrangement was unlikely to succeed. Appellant then filed a Motion to Alter, Amend, or Vacate, stating that she was entitled to be heard on her objections to the DRC's report. The trial judge denied Appellant's motion, stating that there was no need for further argument.

Appellant appealed to the Court of Appeals, which affirmed the trial court. Appellant raises the following issues on appeal: (1) the trial court erred in entering orders changing custody without giving Appellant the opportunity for an oral argument; (2) the DRC committed reversible error in encouraging Appellee to file a motion for change of custody; and (3) the trial court erred in determining that there was sufficient evidence to modify custody under applicable law.

### DISCUSSION

Appellant first asserts that the trial court erred in denying her a meaningful

hearing on her objections to the DRC's report.

CR 53.06(2) Action on Report provides as follows:

> Except in pendente lite matters, within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. **Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice** as prescribed in CR 6.04. The court **after hearing** may adopt the report, or may modify it, or may reject it in whole or in part, or may receive further evidence, or may recommit it with instructions.

(Emphasis added.)

Appellant made a timely objection to the DRC's report and was entitled to a hearing on those objections pursuant to CR 53.06(2). As noted in *Haley v. Haley,* Ky.App., 573 S.W.2d 354 (1978), while a full-blown evidentiary hearing is not contemplated by the rule, the parties must be afforded an opportunity for oral argument. Citing *Haley,* Appellee asserts that Appellant waived her right to a hearing by failing to object to a ruling without a hearing, however, this argument is without merit. Given that the transcripts had not been filed prior to the trial court's ruling, Appellant had no reason to believe that a decision was about to be rendered without a complete record as requested by both parties. Further, she did raise her objection after the decision was rendered by way of a timely filed motion to alter, amend, or vacate.

Thus, this case is reversed and remanded for a hearing as mandated by CR 53.06(2). As this ruling is dispositive, the remaining issues raised by Appellant shall not be addressed.

LAMBERT, C.J., COOPER, GRAVES, JOHNSTONE, and KELLER, JJ., concur.

WINTERSHEIMER, J., dissents because he would hold that Appellant's failure to object to submission of the case without a hearing acted as a waiver of said hearing.