William A. HERNDON, Appellant,

v.

Marcella A. HERNDON (now Viers), Appellee.

No. 2002–SC–0452–DG.

Supreme Court of Kentucky.

April 22, 2004.

As Modified on Rehearing
Aug. 26, 2004.

Harry Bernard O'Donnell IV, Louisville, KY, Counsel for Appellant.

Lyn Taylor Long, Mike Moulton, Moulton and Long, PLLC, Elizabethtown, KY, Counsel for Appellee.

Opinion of the Court by Chief Justice LAMBERT.

Following the dissolution of their marriage, Appellant, William Herndon, and Appellee, Marcella Herndon (now Viers), entered into settlement negotiations. A purported settlement agreement emerged, but Appellant refused to sign the settlement document. The trial court adopted the agreement and incorporated it into the final order of the court. Thereafter, Appellant filed a CR 60.02 motion that was heard by the Domestic Relations Commissioner. On the Commissioner's recommendation, the trial court overruled the motion. Prior to trial court action on the Commissioner's CR 60.02 report, neither party filed objections. The issue presented here is whether the Court of Appeals properly dismissed Appellant's appeal based on *Eiland v. Ferrell* [1] for Appellant's failure to object to the Commissioner's recommendation.

In *Eiland v. Ferrell,* [2] this Court held that claims of error with regard to recommendations made by a domestic relations commissioner had to be brought to the attention of the trial court to preserve the issue for appeal. We reasoned that unless such claims of commissioner error were brought to the attention of the trial court, there would be no opportunity for trial court correction, unnecessary appeals, needless reversals, and all the mischief associated with review of unpreserved claims of error. [3] Here we must decide whether a failure of preservation under such circumstances should result in appellate dismissal or whether the Court of Appeals should review such unpreserved claims under a palpable error standard. We conclude that dismissal is unauthorized and that such claims should be reviewed pursuant to CR 61.02.

■ On November 14, 1995, a Decree of Dissolution of Marriage was entered terminating the marriage of Appellant and

1. Ky., 937 S.W.2d 713 (1997).

2. *Supra.*

3. *Id.* at 716.

Appellee. An amended decree was entered on November 15, 1995 stating that only the marriage was dissolved and that the remaining issues were reserved for resolution at a later time.[4]

On June 25, 1998, the Domestic Relations Commissioner held a hearing following a trial court order of referral. Appellee and her counsel were present at the hearing on June 25, but Appellant was not present because he was incarcerated in Florida. He was represented by counsel at the hearing. During the course of the hearing, the Domestic Relations Commissioner encouraged settlement negotiations between the parties. Appellant and his counsel were in contact via telephone throughout the negotiations. Appellant's counsel dictated the terms of the parties' settlement agreement and the terms were transcribed by Appellee's counsel.

When presented with the written settlement document, Appellant refused to sign because he claimed that it contained provisions to which he had not agreed. On July 28, 1998, Appellant's counsel notified Appellee's counsel of Appellant's refusal to sign the agreement. The next day, July 29, 1998, Appellee moved the trial court to adopt the settlement agreement as an order of the court.

On August 3, 1998, the trial court entered an order adopting the settlement agreement as an order of the court. Appellant's counsel was not present when the trial court entered the order. From the record, it appears that Appellant's counsel believed the hearing to be at 1:00 p.m. on August 3, 1998 but discovered at 8:30 a.m. on that morning that the hearing was scheduled for 9:00 a.m. He notified the trial court that he would be late but would be present. Counsel arrived at 9:15 a.m. and then learned that the trial court had already entered the order adopting the settlement agreement.

As a result of the foregoing, on August 17, 1998, Appellant filed a CR 60.02 motion supported by counsel's affidavit. Appellee filed a response on August 20, 1998, and the motion was referred to the Domestic Relations Commissioner for a hearing scheduled for December 4, 1998. On June 15, 1999, the Domestic Relations Commissioner recommended denial of Appellant's CR 60.02 motion. No objections were filed, and on July 28, 1999, the trial court entered an order overruling Appellant's CR 60.02 motion whereby he had sought to set aside the August 3, 1998 order adopting the settlement agreement.

Appellant timely appealed to the Court of Appeals from the July 28, 1999 Order of the trial court. The Court of Appeals dismissed Appellant's appeal and stated in part:

> We are bound by *Eiland v. Ferrell,* Ky., 937 S.W.2d 713 (1997), which holds that the filing of objections to a Commissioner's report pursuant to CR 53.06(2) is necessary for preservation of the issue for appellate review. No objections were filed in the case *sub judice;* thus, we dismiss this appeal.

Appellant sought discretionary review and this Court granted the motion to determine if the Court of Appeals properly dismissed Appellant's appeal or whether the court should have considered the merits of the appeal under CR 61.02.

4. This case well illustrates the problems that occur when trial courts bifurcate dissolution of marriage from the other issues in the case.

Unless a compelling need for dissolution of the marriage is shown, better practice would be to resolve all issues in a single judgment.

Appellant argues that the Court of Appeals should have considered his appeal under CR 61.02 even though he did not file objections under CR 53.06 to the Domestic Relations Commissioner's report. Appellant contends that the Court of Appeals incorrectly interpreted *Eiland v. Ferrell* [5] and that SCR 1.030(8)(a) does not bind the Court of Appeals to reach its result. Appellant believes that *Eiland* does not answer the question presented here, and for that reason the Court of Appeals erroneously dismissed the appeal.

■ Appellee contends that the Court of Appeals correctly dismissed Appellant's appeal. She relies on *Swatzell v. Commonwealth*, [6] an administrative law case, wherein this Court held that "failure to file exceptions to the report of the hearing officer constitute[d] a failure to exhaust his administrative remedies, thereby precluding review by the circuit court." [7] In *Swatzell*, we held that the failure to file exceptions was a jurisdictional defect, but more recently we have abandoned jurisdiction as the decisional basis and adopted the view that in administrative cases, a party who fails to file exceptions may only obtain review of those matters in the agency head's final order that differ from those contained in the hearing officer's recommended order. [8] In other words, in administrative law cases, a party who disagrees with the hearing officer's recommended

order must bring that disagreement to the attention of the agency head or be precluded from raising the issue in court.

■ Our decision in *Rapier v. Philpot* [9] was predicated upon our analysis of various provisions of KRS 13B and to that extent it is inapplicable where the rules of civil procedure are controlling. Another difference between KRS 13B cases and cases governed by the civil rules is the breadth of discretion possessed respectively by the agency head or the trial judge. In *Rapier*, we took pains to point out that "[i]f the agency head deviates from the recommended order, it must make separate findings of fact and conclusions of law for any deviation from the recommended order." [10] By contrast, a trial judge acting on a Commissioner's report pursuant to CR 53.06 has the broadest possible discretion with respect to the action that may be taken. [11]

■ The final distinction and the one we believe to be most fundamental between administrative law cases and cases originating in the Court of Justice is the source of the tribunal's authority. An administrative case arises from a legislative delegation of authority to an administrative agency wherein power is granted to make regulations for the exercise of the authority granted, and the duty imposed to resolve disputes in a manner that requires

5. *Supra.*

6. Ky., 962 S.W.2d 866 (1998), *overruled by Rapier v. Philpot*, Ky., 130 S.W.3d 560 (2004) (overruling the *Swatzell* holding that the failure to file exceptions is a jurisdictional defect).

7. *Swatzell*, 962 S.W.2d at 870.

8. *Rapier v. Philpot*, 130 S.W.3d at 564.

9. *Supra.*

10. *Rapier*, 130 S.W.3d at 563. *See* KRS 13B.120(3).

11. *Eiland v. Ferrell*, 937 S.W.2d at 716. *See also, Basham v. Wilkins*, Ky.App., 851 S.W.2d 491 (1993); *Haley v. Haley*, Ky.App., 573 S.W.2d 354 (1978).

findings of fact and application of law.[12] Typically, the statute will delegate the fact-finding role to a hearing officer with the final authority being reserved to the agency head.[13] Executive Branch agencies or administrative agencies have no inherent authority and may exercise only such authority as may be legislatively conferred.[14] Moreover, the legislative grant of authority may define the basis for judicial review.[15] By contrast, the Court of Justice is vested exclusively with the judicial power of the Commonwealth [16] and the Supreme Court is authorized to prescribe "rules of practice and procedure for the Court of Justice." [17] CR 53.06(2) and CR 61.02 are such rules. The authoritative interpretation of these rules is a matter exclusively within the province of this Court.

■ As the foregoing discussion reveals, *Swatzell v. Commonwealth* [18] and *Rapier v. Philpot* [19] were administrative law cases and *Eiland v. Ferrell* [20] was a case within the original jurisdiction of the Court of Justice. As our analysis further reveals, court authority with respect to review of administrative law cases and review of cases originating in the Court of Justice is different. In the first instance we must interpret procedural statutes and give effect to legislative intent,[21] while in the other we interpret our own rules. As such, even where the facts appear similar, the standard of appellate review in an administrative law case may differ from the process of review where the Rules of Civil Procedure control.

The Constitution of Kentucky grants "as a matter of right at least one appeal to another court...." [22] Where unpreserved issues are presented, this Court has adopted a rule of practice and procedure, CR 61.02, whereby the constitutional right of appeal may be harmonized with our rules relating to preservation of error.[23] CR 61.02 recognizes that a party's appellate rights may be circumscribed but maintains an avenue of relief by an appellate court even when the error may have been insufficiently raised or preserved for review.[24]

■ The question that remains is whether Appellant was entitled to appellate review of his unpreserved claim pursuant to CR 61.02. The rule provides that:

A palpable error which affects the substantial rights of a party may be consid-

---

**12.** *Young v. Willis,* 305 Ky. 201, 203 S.W.2d 5 (1947); *Vanhoose v. Commonwealth,* Ky.App., 995 S.W.2d 389 (1999).

**13.** KRS 13B.030; KRS 13B.120.

**14.** *Linkous v. Darch,* Ky., 323 S.W.2d 850 (1959); *Robertson v. Schein,* 305 Ky. 528, 204 S.W.2d 954 (1947).

**15.** *See* KRS 13B.140. *Cf. American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Comm'n,* Ky., 379 S.W.2d 450 (1964).

**16.** KY. CONST. § 109.

**17.** KY. CONST. § 116.

**18.** *Supra.*

**19.** *Supra.*

**20.** *Supra.*

**21.** *Gateway Construction Co. v. Wallbaum,* Ky., 356 S.W.2d 247 (1962).

**22.** KY. CONST. § 115.

**23.** CR 59.06; *Payne v. Hall,* Ky., 423 S.W.2d 530 (1968).

**24.** *Collins v. Sparks,* Ky., 310 S.W.2d 45 (1958).

ered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.[25]

The language of the rule plainly states that a claim of palpable error may be considered by an appellate court even though the issue was not presented to the court below. Relief under CR 61.02 requires a determination of manifest injustice resulting from an error that affected the substantial rights of the party. Illustrative is *Deemer v. Finger*,[26] where this Court reversed the Court of Appeals for refusing to address an issue of juror misconduct that was not presented to the trial court but was raised on appeal. This Court held that "a palpable error affecting the substantial rights of a party, even if insufficiently raised or preserved, is reviewable, and, upon a determination that it has resulted in manifest injustice, reversible." [27]

■ This Court need not address the merits of the palpable error arguments presented by the parties because remand to the Court of Appeals for that purpose is appropriate. For the foregoing reasons, the Court of Appeals' dismissal of Appellant's appeal is vacated and this cause remanded to the Court of Appeals for further consistent proceedings.

COOPER, GRAVES, JOHNSTONE, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

**25.** CR 61.02.

**26.** Ky., 817 S.W.2d 435 (1991).

**27.** *Id.* at 437. *See, e.g., Collins v. Sparks,* Ky., 310 S.W.2d 45 (1958); *Cobb v. Hoskins,* Ky. App., 554 S.W.2d 886 (1977).