**Michael PURSLEY, Appellant**

v.

**Vicky Carol PURSLEY, Appellee.**

**No. 2007–CA–000363–ME.**

Court of Appeals of Kentucky.

Nov. 21, 2007.

Brad Goheen, Benton, KY, for appellant.

Lisa A. DeRenard, Benton, KY, for appellee.

Before KELLER and TAYLOR, Judges; HENRY,[1] Senior Judge.

## OPINION

TAYLOR, Judge.

Michael Pursley brings this appeal from a January 17, 2007, order of the Marshall Circuit Court, Family Court Division modifying custody and visitation for the parties' daughter. We vacate and remand with directions.

Michael and Vicky Carol Pursley were married in March 1993. One child, a daughter, was born of the parties' marriage on May 6, 1994. The marriage was

---

**1.** Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Ken- tucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

dissolved by decree of dissolution on November 4, 2004, by the Marshall Circuit Court. The decree incorporated a settlement agreement whereby the parties agreed to share joint custody of the child with equal time sharing.

On July 28, 2006, less than two years after entry of the decree, Vicky filed a Motion to Modify Custody. The matter was referred to the Domestic Relations Commissioner (commissioner) for a hearing. Ky. R. Civ. P. (CR) 53.03. At the hearing, testimony included allegations that Michael engaged in inappropriate sexual contact with the parties' twelve-year-old daughter. On October 31, 2006, the commissioner submitted his report recommending that custody be modified to award sole custody of the parties' daughter to Vicky, with Michael being permitted weekly supervised visitation. On November 13, 2006, Michael filed exceptions to the commissioner's recommendation pursuant to CR 53.06(2). By order entered January 3, 2007, the circuit court stated it would "treat the Exceptions [filed by Michael] as a motion to alter, amend or vacate the Recommended Order of the Commissioner, and will refer this matter back to the Family Court...." Subsequently, by order entered January 17, 2007, the family court denied Michael's "Exceptions/Motion to Alter, Amend, or Vacate" and adopted the October 31, 2006, recommended order.[2] This appeal follows.

Michael contends that the circuit court erred by treating the exceptions filed by Michael as a motion to alter, amend or vacate pursuant to CR 59.05 and by transferring the case to the family court. For the reasons hereinafter elucidated, we agree.

A CR 59.05 motion may only be utilized to seek reconsideration of a "final judgment." The recommended order of a commissioner is not a final judgment, but, rather, a recommendation utilized by the circuit court in reaching a final decision. The circuit court has complete discretion and may reject the recommended order, adopt it in whole, or adopt it in part. CR 53.06(2).

In this case, the circuit court clearly erred by treating the exceptions filed by Michael to the commissioner's recommendation as a CR 59.05 motion. As hereinbefore stated, the recommendation did not constitute a final judgment; thus, CR 59.05 could not be utilized by the circuit court. Rather, considering the procedural posture of this case, we believe the circuit court should have simply reviewed the exceptions, conducted a hearing as required by CR 53.06(2), and entered a final judgment adjudicating the child custody issue.[3]

While the family court was vested with jurisdiction over domestic issues by Ky. Const., § 112(6) and KRS 23A.100, we do not believe that such jurisdiction was intended to be exclusive.[4] Rather, we think

**2.** Prior to January 1, 2007, the Marshall Circuit Court did not have a Family Court Division as provided for in KRS 23A.100. Judge Robert D. Mattingly, Jr., who served as Domestic Relations Commissioner in this case, was elected family court judge in November 2006 and assumed office in January 2007. Upon taking office, the commissioner position was abolished pursuant to KRS 23A.120. On January 17, 2007, Judge Mattingly adopted his own recommendation, without a hearing. We do not believe this is contemplated or

permissible under the applicable statutes and rules cited.

**3.** The reference to a hearing in this rule is mandatory. However, the rule intends the parties be afforded an opportunity for oral argument, not another full blown evidentiary hearing. *Haley v. Haley*, 573 S.W.2d 354 (Ky.App.1978).

**4.** We note that KRS 23A.100 specially provides that the "family court division of Circuit Court shall retain jurisdiction in the following

the circuit court may, in some circumstances, retain jurisdiction to rule on domestic issues already before it, such as child custody. We view this case as a unique circumstance where the circuit court should have retained jurisdiction and not referred it to family court since a commissioner conducted the proceedings, including an evidentiary hearing pursuant to CR 53.

Vicky argues in response that Michael did not adequately preserve this issue on appeal for failure to timely object or raise this argument before the circuit court. After carefully reviewing the record, we agree with Vicky's position that this issue was not properly preserved below. Normally, a reviewing court will not consider for the first time an issue not raised in the court below. *Caslin v. General Electric Co.*, 608 S.W.2d 69 (Ky.App.1980). However, we further believe that the gravity of this error is one of substantial proportions, and, thus, pursuant to CR 61.02 this error may be considered by this Court, and the appropriate relief may be granted upon a determination that manifest injustice has resulted from the error. It is our belief that manifest injustice has resulted from the circuit court's failure to comply with the applicable statutes and rules cited. In a child custody proceeding, there can be no greater injustice to a party than a court failing to comply with applicable statutes and civil rules.

Upon remand, we direct the family court to refer this case to the circuit court where it originated, and the circuit court shall thereupon conduct a hearing and enter a final ruling on the exceptions to the commissioner's recommendation in accordance with CR 53.06(2). In light of our ruling, Michael's remaining arguments on the merits are thus premature and will not be addressed in this appeal.

For the foregoing reasons, the order of the Marshall Circuit Court, Family Court Division is vacated and remanded with directions to refer this case to the Marshall Circuit Court for final adjudication in accordance with this opinion.

ALL CONCUR.

---

cases...." This language signals an extension of the circuit court's jurisdiction to the family court division rather than a restriction thereof. We are buttressed in our interpretation by the fact that the General Assembly did not employ the term "exclusive jurisdiction" as to the grant of jurisdiction to the family court division in KRS 23A.100. Additionally, use of the term "primary forum" in KRS 23A.100 further indicates that the General Assembly did not intend for the statute to effect a jurisdictional limitation, but rather to emphasize the purposes underlying the creation of family courts as set out in KRS 23A.110.