RENDERED: JUNE 11, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1227-MR

MICHAEL KELLEY AND TAMARA
KELLEY                                                                                    APPELLANTS

v.                    APPEAL FROM JEFFERSON CIRCUIT COURT
                     HONORABLE BRIAN C. EDWARDS, JUDGE
                            ACTION NO. 08-CI-002675

US BANK N.A. AND LEGAL
RECOVERIES INC.                                                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE:  Michael and Tamara Kelley (the Kelleys) appeal from the

Jefferson Circuit Court's order dated July 19, 2019, granting a judgment and an

order of sale in favor of U.S. Bank, N.A.  Having reviewed the record and being

otherwise sufficiently advised, we affirm.

# I. BACKGROUND

This foreclosure case has a long and complex procedural history. While some details are not relevant to the issues before us today, a general overview is in order. On March 7, 2008, U.S. Bank, N.A. (U.S. Bank) filed a civil action against the Kelleys, alleging default on a promissory note in the original principal amount of $127,000.00. The note was secured by a mortgage on the Kelleys' residence known as 5207 Jenny June Drive, Louisville, Kentucky 40213 (the property). U.S. Bank sought a judgment and an order directing the master commissioner to conduct a foreclosure sale on the property. U.S. Bank also joined Legal Recoveries Inc. (Legal Recoveries) as a defendant as Legal Recoveries claimed an interest in the property by virtue of a judgment lien previously filed against the Kelleys.[1]

Initially, the Kelleys did not answer the complaint, and the trial court entered a final judgment and order of sale on October 29, 2008. The sale was ultimately withdrawn as the Kelleys attempted to obtain a loan modification to bring their mortgage current. On March 7, 2011, the Kelleys filed an answer to the complaint and a counterclaim. In their counterclaim, the Kelleys alleged that U.S.

---

[1] Though nominally a party to this appeal, Legal Recoveries released its judgment lien during the pendency of the case below. It has not taken a position in this appeal and did not actively litigate in the trial court.

Bank violated the Kentucky Consumer Protection Act, KRS[2] 367.110 *et seq.*, by not allowing them to modify their note and mortgage and by accepting mortgage payments during the foreclosure process. In their answer, the Kelleys denied that U.S. Bank was the holder of the note and mortgage at the time the complaint was filed. They admitted, however, that their mortgage payments were not current.

On October 18, 2018, U.S. Bank moved for summary judgment on the counterclaim asserted by the Kelleys. The Kelleys responded on November 12, 2018, arguing, *inter alia*, that U.S. Bank had not proven it was the holder of the mortgage or note, and therefore had no standing to seek summary judgment as to the Kelleys' counterclaim. The trial court granted U.S. Bank's summary judgment motion on February 21, 2019. The Kelleys do not challenge that judgment in the instant appeal.

On May 31, 2019, U.S. Bank filed a motion for summary judgment on their own affirmative claims as well as an order of sale. Based on the record below, it appears the motion was filed electronically, and a paper copy mailed to the Kelleys' counsel at 455 Starks Building, Suite 600, Louisville, Kentucky 40202. The motion for judgment and order of sale was referred to the master commissioner of Jefferson County (the master commissioner) on June 3, 2019. On July 5, 2019, the master commissioner issued a report recommending U.S. Bank's

---

[2] Kentucky Revised Statutes.

motion for summary judgment and order of sale be granted. The report further recommended that "[i]f no objections are filed within 10 days from the date of service by the Clerk, as prescribed by CR[3] 53.05, [the trial court was to] sign tendered judgment as amended."

The report of the master commissioner was mailed to the Kelleys' counsel at the Starks Building address on July 5, 2019, marked undeliverable due to an improper address by the U.S. postal service on July 13, 2019, and returned to the circuit court clerk's office on July 15, 2019.

The trial court adopted the master commissioner's report on July 19, 2019, entering a judgment and order of sale. As with the master commissioner's report, a copy of the entered judgment and order of sale mailed to the Kelleys' counsel at the Stark building address from the circuit court clerk was marked undeliverable on July 25, 2019. The undeliverable envelope was returned to the clerk of the circuit court on July 30, 2019. It appears that the Kelleys' counsel moved from his office in the Starks Building some time in 2018. Filings with the circuit court clerk in November of 2019 reference counsel's address as "222 S. First Street, Suite 305, Louisville, KY 40202"; however, it does not appear that counsel filed a formal notification of change of address with the circuit court.

---

[3] Kentucky Rules of Civil Procedure.

Despite the lack of delivery of the judgment, the Kelleys did timely file their notice of appeal on August 14, 2020. This appeal followed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018) (citations omitted). "A grant of summary judgment is reviewed *de novo* because factual findings are not at issue." *Id*.

## III. ANALYSIS

U.S. Bank argues that, pursuant to CR 53.05(2), the Kelleys waived their right to appeal the judgment and order of sale by failing to object to the master commissioner's report within ten days of service. Indeed, CR 53.05(2) provides that "[w]ithin 10 days after being served with notice of the filing of the [master commissioner's] report any party may serve written objections thereto upon the other parties."

The Kentucky Supreme Court has held that despite the permissive language of CR 53.05(2), objections to the master commissioner's report are necessary to preserve claims of error from the trial court's adoption of the report. *See Eiland v. Ferrell*, 937 S.W.2d 713, 716 (Ky. 1997). The Court explained that if this rule were not recognized, "appeals would be taken from trial court judgments adopting commissioner's reports without the trial court ever having been apprised of any disagreement with the report." *Id*. The Kentucky's Supreme Court's concerns have proven well-founded, as that is exactly what occurred in the instant case.

The Kelleys argue that the *Eiland* rule should not apply here as their counsel did not receive a copy of the master commissioner's report. This creates a conundrum. While the record is clear that the Kelleys' counsel did not receive a copy of the report, it is equally clear that no notice of a change of address was ever filed in the trial court and that documents sent to counsel for the Kelleys by the circuit court clerk were returned as undeliverable several times prior to the entry of the master commissioner's report.

Nonetheless, based on a close reading of the Kentucky Rules of Civil Procedure, enforcement of the *Eiland* rule would be improper in this case. CR 53.05(1) requires the circuit court clerk to "forthwith serve the [master commissioner's] report upon all parties who have appeared in the action." Under

CR 53.05(2), a party may file objections to a master commissioner's report within ten days of service. CR 5.02(1) describes what constitutes service of a document required to be served under the Civil Rules. Generally:

> [S]ervice upon the attorney . . . shall be made by delivering a copy to the attorney . . . or by mailing it to the last known address of such person; or, if no address is known, by leaving it with the clerk of the court. Service is complete upon mailing unless the serving party has reason to know that it did not reach the person to be served.

*Id.*

The master commissioner's report was returned to the circuit court clerk as undeliverable on July 15, 2019, ten days after it was purportedly served. The trial court did not adopt the recommendation to enter the judgment and order of sale until July 19, 2019. By this time, the circuit court clerk had reason to know that the report did not reach counsel for the Kelleys. Thus, there was not proper service under CR 5.02(2) as required by CR 53.05(1).

Unlike the failure to timely file a motion under CR 59 or a notice of appeal, the failure to file objections under CR 53.05(2) does not create a jurisdictional question for this Court to consider. A trial court is within its discretion to consider objections filed outside of the ten-day window provided by CR 53.05, and findings made based on untimely objections may still be reviewed by this Court. *Hunter v. Hunter*, 127 S.W.3d 656, 663 (Ky. App. 2003). Even if

no objections are filed, a trial court could adopt some or all of a master commissioner's findings or ignore them entirely.

We hold that because the Kelleys were not served within the meaning of CR 5.02(1), the *Eiland* rule does not apply in this case. Upon learning that the master commissioner's order was returned to the Court, the trial court should have directed the clerk of court to re-serve the order, reopening the objection period. Since this did not occur, we cannot conclude that the Kelleys' failure to file objections is fatal in this insistence, and we will review the substance of their arguments notwithstanding their failure to object.

The Kelleys raise two issues on appeal. Both concern their contention that U.S. Bank is not a real party in interest under CR 17.01 and therefore not entitled to enforce the note and mortgage. The Kelleys do not dispute, nor have they ever disputed, that they are in default on their mortgage obligations.

As an initial matter, the Kelleys argue that U.S. Bank was not the holder of the promissory note when the litigation was filed. While they made this argument on several occasions in the trial court, we can discern no evidence in the record that supports this contention. U.S. Bank attached a copy of the note and an allonge to the note to its complaint. While the note was originally made to "Mortgage Lenders Network USA, Inc.," the allonge shows a series of endorsed

assignments, the last of which shows that the note was to be paid to the order of "U.S. Bank National Association as Trustee."

In support of its motion for judgment and order of sale filed May 31, 2019, U.S. Bank attached an affidavit of Keoviseth Seung (Seung), an employee of Wells Fargo Bank, N.A. (Wells Fargo). Seung's affidavit indicates Wells Fargo was servicing the loan for U.S. Bank. Seung attached to his affidavit a copy of the note and allonge and swore to their authenticity. The note and allonge attached to the affidavit are identical to those attached to U.S. Bank's complaint filed over eleven years earlier. In those eleven intervening years, the Kelleys did not offer any evidence that the note was not what it purported to be, only conjecture.

"[A] party opposing a properly supported motion for summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). It may not rely on mere allegations. In their brief, the Kelleys now contend that U.S. Bank did not have possession of the note at the time the complaint was filed. They offer no evidence of this. The Kelleys had eleven years between the filing of the complaint and the entry of a judgment and order of sale to conduct discovery in an effort to refute U.S. Bank's contention that it held the note. Among other things,

they could have requested that U.S. Bank produce the original note it claimed to possess.

The Kelleys next contend U.S. Bank did not hold the mortgage when the complaint was filed. An assignment of mortgage to U.S. Bank was filed in the court below on June 16, 2008, some 90 days after the complaint. Unlike the Kelleys' argument concerning the note, it is not clear whether this argument was preserved for appellate review. Nonetheless we will briefly address the issue.

Under Kentucky law, it is well settled that the "transfer of a promissory note effects a transfer of an equitable interest in any corresponding mortgage." *Higgins v. BAC Home Loans Servicing, LP*, 793 F. 3d 688, 691 (6th Cir. 2015) (citing *Drinkard v. George*, 237 Ky. 560, 36 S.W.2d 56, 57 (1930)). In Kentucky, it is the transfer of a negotiable instrument, not the assignment of a mortgage, which transfers enforcement rights to a real party in interest. *Stevenson v. Bank of America*, 359 S.W.3d 466, 470 (Ky. App. 2011).

This Court addressed the identical argument made by the Kelleys concerning the mortgage in *Stevenson*. There, the lender (BAC) filed a foreclosure complaint on November 6, 2009. *Id*. at 467. When the borrower (Stevenson) questioned whether the lender was the real party in interest, the lender filed an assignment of mortgage dated November 10, 2009, and recorded November 12, 2009, into the trial court's record. *Id*. Stevenson argued on appeal that BAC was

-10-

not a real party in interest because the mortgage assignment was executed and filed after filing the complaint. We held:

> Contrary to Stevenson's contention, the assignment of mortgage was not the document which transferred enforcement rights on the note to BAC, and the date of its execution is immaterial to the case at bar. Pursuant to KRS 355.3-201(2), "negotiation" means "a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder. . . . If an instrument is payable by bearer, it may be negotiated by transfer of possession alone." Stevenson fails to comprehend that when the note was endorsed in blank it became a bearer instrument and no assignment was necessarily required to transfer the right to collect and enforce the note. Mere possession of the original note was sufficient. Because BAC was lawfully in possession of the original note, clearly it was entitled to enforce the obligations secured thereby and was the real party in interest in the litigation below. Any argument to the contrary is wholly without merit. The trial court did not err.

*Stevenson*, 359 S.W.3d at 470. The date of the assignment of the mortgage to U.S. Bank was therefore immaterial to whether it was the real party in interest in this litigation. By virtue of its status as the holder of the note, it was entitled to enforce the mortgage. The Kelleys' argument concerning the mortgage is unavailing.

We are mindful that the trial court did not address the merits of U.S. Bank's motion for judgment and order of sale in writing, as no objections were made to the report of the master commissioner. The record is silent as to whether the trial court merely signed off on the master commissioner's report or made an

-11-

independent decision based on previous arguments of the parties.  Nonetheless, "[i]t is the rule in this jurisdiction that the judgment of a lower court can be affirmed for any reason in the record."  *Goetz v. Asset Acceptance, LLC*, 513 S.W.3d 342, 344-45 (Ky. App. 2016) (internal quotation marks and citations omitted).  "If an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds."  *Mark D. Dean, P.S.C. v. Commonwealth Bank & Trust Co.*, 434 S.W.3d 489, 496 (Ky. 2014).  Based on our review of the trial court record and the arguments advanced by the Kelleys in this Court, we believe there were no issues of material fact before the trial court and that U.S. Bank was entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons set forth above, we affirm the Jefferson Circuit Court's judgment and order of sale.

CALDWELL, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.

| BRIEFS FOR APPELLANTS: | BRIEF FOR APPELLEE US BANK, N.A.: |
|---|---|
| Ryan Fenwick<br>Louisville, Kentucky | Reid S. Manley<br>Birmingham, Alabama |