RENDERED:  DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0607-MR

NICKALUS T. HOLT                                                                    APPELLANT

APPEAL FROM WOODFORD CIRCUIT COURT
v.          HONORABLE JEREMY M. MATTOX, JUDGE
ACTION NO. 19-CI-00097

JUSTIN NEAL O'MALLEY AND
MARLBORO COUNTY IMPORTS,
INC.                                                                                           APPELLEES

<u>OPINION AND ORDER</u>
<u>DISMISSING</u>

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND L. THOMPSON, JUDGES.

DIXON, JUDGE:  Nickalus T. Holt, *pro se*, appeals from the orders dismissing the

case against him without prejudice and denying his motions to seal the case.  After

careful review of the record, briefs, and law, we dismiss for lack of jurisdiction.[1]

---

[1]  On July 13, 2021, a show cause order was entered.  A response was received, and on November 2, 2021, another panel of our Court – not having the benefit of the full record on appeal – limited the issues on appeal to those pertaining to the March 3, 2021, and April 29, 2021, orders.  On October 26, 2022, a second show cause order was entered, and a response was timely received.  This panel now dismisses the remaining issues for the reasons discussed herein.

## FACTS AND PROCEDURAL BACKGROUND

Justin Neal O'Malley sued Marlboro County Imports, Inc. (MCI) and Nickalus T. Holt in his individual capacity and as an agent of MCI. Although the complaint is lengthy, it essentially alleges that MCI and Holt failed to pay O'Malley for legal services rendered to them prior to his disbarment for actions in other cases.

Over a year passed with no activity in the court record. Accordingly, a notice of hearing to dismiss for lack of prosecution was issued by the trial court. Holt appeared, *pro se*, at the hearing and orally requested this case be sealed. The court noted on its docket sheet that the matter was dismissed without prejudice and Holt's motion to seal the case was denied; however, the order dismissing for lack of prosecution made no mention of the motion to seal or its denial.

Afterward, Holt filed a written motion to seal the record claiming the availability of this lawsuit to the public would cause him, and MCI, economic harm. Following a hearing, the court entered an order denying the motion to seal. Holt then moved the trial court to alter, amend, or vacate its order, but the court denied the motion, and this appeal followed.

## ANALYSIS

On appeal, Holt argues the trial court improperly denied his CR[2] 59.05 motion because the order from which he sought relief – denying his motion to seal – was not a final judgment. The trial court is correct that CR 59.05 only applies to final judgments. *Pursley v. Pursley*, 242 S.W.3d 346, 347 (Ky. App. 2007). Pursuant to CR 54.01, "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding[.]" In the case herein, the final order was entered on December 2, 2020.

Under CR 59.05, "[a] motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." The motion to seal the record was not filed until December 30, 2020, not heard until February 3, 2021, and not formally denied in a written order until March 3, 2021. It was not until March 12, 2021, that Holt filed his CR 59.05 motion concerning the order denying his motion to seal rather than the final judgment. Since that order was not a final judgment, it was inappropriate for CR 59.05 review. *Parker v. Commonwealth*, 440 S.W.3d 381, 384 (Ky. 2014). Contrary to Holt's claims, the inclusion of finality language in the order did not magically transform it into a final judgment.

---

[2] Kentucky Rules of Civil Procedure.

Since Holt did not file a proper CR 59.05 motion, the time for filing his notice of appeal – 30 days after the date of notation of service of the judgment under CR 73.02 – was not extended. *Id.* Thus, his appeal is untimely. While Holt asserts he is entitled to greater leniency as a *pro se* litigant, such latitude cannot serve to create jurisdiction where we have none. Failure to timely file a notice of appeal is "a jurisdictional defect that cannot be remedied." *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990) (citing *Manly v. Manly*, 669 S.W.2d 537, 539 (Ky. 1984); CR 6.02). Thus, we have no alternative but to dismiss this appeal.

## CONCLUSION

Therefore, and for the foregoing reasons, this appeal is hereby DISMISSED.

ALL CONCUR.

ENTERED: _____

_____
JUDGE, COURT OF APPEALS

-4-

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEES.

Nickalus T. Holt, *pro se*
Versailles, Kentucky