## Goff v. Blackburn.

(Decided October 25, 1927.)

### Appeal from Pike Circuit Court.

1. Assignments.—Statement in defendant's answer that he was not advised whether or not third party's interest in contract had been assigned to plaintiff, as alleged in plaintiff's petition, held not a sufficient denial.

2. Appeal and Error.—Where an answer was made a cross-petition against a person not a party in the case and the case was submitted without objection that this person made defendant in the cross-petition was not before the court, held, that the objection could not be made on appeal.

3. Reformation of Instruments.—To sustain pleading of fraud and mistake in a contract, and obtain reformation, the evidence must be clear and decisive.

4. Contracts.—Court cannot read into contract words which it does not contain.

5. Reformation of Instruments.—Testimony of defendant, which was contradicted by plaintiff, in suit on contract, that parties intended terms of contract providing for sale of "lumber" to read "merchantable lumber," held not to prove fraud or mistake, and refusal to reform the contract held proper.

6. Appeal and Error.—The Court of Appeals will not disturb a commissioner's report which has been confirmed by the circuit court unless against the weight of the evidence.

7. Appeal and Error.—Commissioner's report, confirmed by the circuit court, will not be disturbed on appeal where the case turns simply on credibility of witnesses.

L. J. MAY for appellant.

PICKLESIMER. & STEELE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

In the year 1924 Hopkins and Blackburn were operating a sawmill in Pike county, and were running an account with Henry Goff, who was a retail merchant in the neighborhood. They owed Goff a considerable account, and Blackburn owed him an individual account. They had a quantity of lumber sawed. In this condition of things, when the debts were pressing, a written contract was entered into between them and Henry Goff as follows:

"This contract of agreement made and entered into by J. W. Blackburn, F. A. Hopkins, trading and doing business in the firm name of Hopkins & Blackburn, parties of the first part, and Henry Goff, party of the second part, witnesseth:

"The parties of the first part for and in consideration of the sum of $33.00 per thousand feet, to be paid as hereinafter stated, do hereby sell and convey to the party of the second part all lumber of every kind and description at their mill on Suckeys creek, a tributary of Shelby creek, and being the lumber cut from George Compton's land, and including all lumber at the railroad siding at Buckfield and Yeager, Kentucky."

This suit was brought by Blackburn on this contract. He alleged that Goff received under the contract 119,061 feet of lumber and charged that there was a balance due on it, after paying what they owed Goff, of $1,028.01. Goff by his answer denied that there was over 78,000 feet of the lumber. He alleged that the rest of the stuff was culls and of no value, and that by fraud or mistake the word "merchantable" was omitted from the contract, and that what he contracted for was "all merchantable lumber of every kind and description." The case was referred to a commissioner to take proof. He reported a balance due Blackburn of $571.15. Exceptions were filed to the report which the court overruled,

and entered judgment for Blackburn pursuant to the report. Goff appeals.

Blackburn alleged in his petition that for a good and valuable consideration the interest of Hopkins had been assigned and transferred to him by Hopkins and that he was now the owner of the contract. This allegation was not sufficiently denied in the answer, which simply states that the defendant is not advised whether the interest of Hopkins had been assigned to the plaintiff. The answer was made a cross-petition against Hopkins, and the case was submitted, without objection that Hopkins was not before the court. So this objection cannot be made here.

The rule is well settled that to sustain a pleading alleging fraud or mistake in a contract and reform the contract the evidence must be clear and decisive. Under this rule the evidence is wholly insufficient to reform the contract. The court cannot read words into the contract which it does not contain. The testimony of Blackburn is to the effect that the contract is correctly set out in the writing. The testimony of Goff is only to the effect that what the parties had in mind was merchantable lumber. Under such evidence the circuit court properly refused to reform the contract.

Blackburn prosecutes a cross-appeal, insisting that the judgment in his favor should have been something over $900, but this depends upon the amount of Goff's accounts against them. The commissioner followed Goff's testimony on this subject. The rule of the court is not to disturb a commissioner's report which has been confirmed by the circuit court, unless against the weight of the evidence. The case here turns simply on the credibility of the witnesses, and the commissioner's report cannot be disturbed.

The judgment is affirmed on the original and cross appeals.