## MINK v. POPE et al.

Court of Appeals of Kentucky.
March 6, 1953.

Hiram H. Owens, Barbourville, S. V. Little, London, James W. Lambert and John P. Allen, Mt. Vernon, for appellant.

Edwin R. Denney, Mt. Vernon, for appellee.

WADDILL, Commissioner.

Appellant sued in equity to enjoin appellees from cutting timber on his land and for damages occasioned by alleged previous trespasses. Appellees own the timber rights on a tract adjoining appellant's land. The determining issue is the proper location of the boundary between the two tracts. The Chancellor found the true boundary to be that contended for by appellees.

The evidence introduced on behalf of appellant disclosed that appellees purchased the timber on a tract known as the Boner land, which adjoined the west boundary of appellant's land. Appellant hired a surveyor named Scott to locate the boundary according to the description contained in appellant's deed, but discharged Scott because he was dissatisfied with the boundary as Scott located it. The line which appellant insists is the boundary in issue is the line run by surveyor Brown, also hired by appellant. This line was run from a call contained in a description on the back of a plat of the Boner land. This line is parallel with the line determined by the court to be the boundary, but it is several poles to the west. Brown testified that he saw what he thought were old blaze marks on the trees along the line he surveyed. He made no attempt to survey the entire description of either appellant's or appellees' land, but merely ran a single line. Brown's testimony is not sufficient to support appellant's claim to this line. Brown admits he did not find the monument for which he was looking at the end of this line. Testimony of other witnesses tends to show that Brown's starting point is not an original corner of appellant's land.

Appellees introduced testimony of surveyor Scott, whom they hired, after his discharge by appellant, to complete the survey of appellant's land. He surveyed the entire boundary of appellant's land from the description contained in his deed. He testified that he surveyed the line determined by the court to be the true boundary and found it to be a "painted line," with trees marked as corners at both extremities of the line. One of the marked trees was on the bank of a branch as called for by the deed. This testimony was substantiated by the testimony of other witnesses.

Another witness, whose brother had formerly owned appellant's land, accompanied Scott when he ran the line on which he had changed the call from north 65 degrees west to south 65 degrees west in order to make the boundary close. This witness substantiated Scott in changing this call, testifying that the line as changed was the same line run by another surveyor in 1907 when the land was surveyed for the witness' brother. This line had been recognized as the boundary by appellant's predecessor in title. The witness uncovered a poplar stump, which he said was the stump of the poplar called for as a corner in Mink's deed, and he recalled that the tree had been killed by lightning years ago.

In a case of this kind the whole of the evidence in the record must raise more than a doubt in the minds of this Court concerning the Chancellor's finding before we will disturb that finding on appeal. Toms v. Holmes, 294 Ky. 233, 171 S.W 2d 245.

Upon review of all the testimony we find that there is sufficient evidence to support the Chancellor's determination of the location of the disputed boundary.

Judgment affirmed.