## BOWLAND v. BROWN.

Court of Appeals of Kentucky.

June 19, 1953.

David R. Reed and Jack E. Fisher, Paducah, for appellant.

Richard R. Bryan and Joseph J. Grace, Paducah, for appellee.

MILLIKEN, Justice.

This appeal involves the purchase on October 3, 1949, of an allegedly new 1949 Chrysler New Yorker at the used car lot of the appellee. The appellant, purchaser, sought a rescission of the contract of purchase or monetary relief in the alternative. The case was tried on depositions by the court without the assistance of a jury and, without finding of facts, the trial judge succinctly gave judgment for the appellee, seller.

Lured by the new-car beauty of the Chrysler on the appellee's used car lot, the appellant, owner of a 1940 DeSoto, was in a mood to deal. After a bit of shopping around and preliminary dickering, the appellant and his wife took a short ride in the Chrysler on a rainy Sunday and a trade-in sale promptly resulted. For a down payment of $100 and a credit of $900 for his old DeSoto, the appellant readily obtained a $1,800 chattel mortgage loan from Universal C. I. T. Corporation, payable at the rate of $98.65 a month, with which to pay the balance of the purchase price of the Chrysler. A completely new Chrysler of this type retailed in Paducah at approximately $3,300 at this time.

Shortly after the sale defects appeared: The attendant at a filling station found the hood wedged or sprung; the steering wheel was upside down; the upholstery was loose. The truth is that the car had been wrecked in transportation from Detroit to Nashville, had been bought by a Nashville dealer for $900 who spent an additional $993 in repairing it. He estimated its worth in the Nashville market at a maximum of $2,600. The appellee bought the car at an auction in Tennessee for $2,250, got his bill of sale from the Tennessee dealer, and placed it on his used

car lot with the speedometer showing 104 miles.

The gist of the appellant's testimony is that the car was sold to him as a new car. The appellee, seller, admitted that he informed the appellant's wife that he was able to get big new cars occasionally because dealers in small towns often were not able to sell their quota of large cars in their local market and had to make some disposition of them in order to obtain their proper quota of small, more marketable cars from the same manufacturer. The seller authorized the appellant to have repairs made to the Chrysler at the seller's expense, preferred that he not take the car to the Paducah Chrysler dealer, but approved his taking it to the Mayfield Chrysler dealer. The buyer concluded that the seller had something to hide when he wanted the buyer to stay away from the Paducah Chrysler agency, but the seller contends that he thought the Paducah Chrysler agent would resent the sale of such a new Chrysler by him in Paducah as an encroachment on his Chrysler franchise and consequently would not afford as good service as other automobile repair agencies. The seller stresses the fact that he did not operate a new car agency, but a used car lot, and that he represented the Chrysler as a new used car, not a new car. The usual manufacturer's warranty certificate, of course, was not given with the bill of sale, but the lending agency, the Universal C. I. T. Corporation, apparently treated the transaction as if it involved a new automobile.

The testimony is in sharp conflict, the buyer contending that the automobile was sold to him as new and the dealer and his sales force denying the charge. The 104 mile speedometer reading undoubtedly was false, but who was responsible for its falsity is not established. The seller testified that he did not know the automobile had been in a wreck until the present case developed.

 For us to give the appellant the relief he prays, it would be necessary for him to prove fraud on the part of the appellee in effecting the sale. The testimony of the appellant, unsupported as it is by other testimony, is not sufficient to establish fraud in the circumstances of this case. The fact that the appellee operated a used car lot, not a new car agency, is a factual circumstance which was obvious to the purchaser and, to some extent at least, put him on notice that any car sold there, though new in appearance, was not new in fact. Furthermore, the sales price, when taken into consideration with the allowance for the old DeSoto and the retail price of a new Chrysler in the Paducah market, supports the seller's contention that the car was not sold as a new car. It is easy to see how the purchaser could have been misled, but for us to grant the relief he prays, stronger supporting evidence would be necessary. Consequently, since we entertain no more than a doubt about the conclusion of the chancellor, his judgment should not be disturbed. Kentucky Digest, Appeal & Error, 

The judgment is affirmed.