## COLLINS v. CONSOLIDATION COAL CO. et al.

Court of Appeals of Kentucky.

Oct. 30, 1953.

Rehearing Denied June 18, 1954.

———◆——— •

Wheeler & Wheeler, Paintsville, for appellant.

J. K. Wells, Paintsville, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment quieting title in the appellees to a tract of land lying on Double Lick Fork of Daniels Creek in Johnson County, Kentucky. The suit involves the boundary line between the litigants' lands, which is dependent upon the location of a so-called "conditional line" established in 1859 when Thomas Spears, under whom appellees' claim, and Christopher Collins, under whom appellant claims, exchanged lands. The description in the Collins to Spears deed is as follows:

"Beginning at a black gum near a large rock on the conditional line between said Collins and Spears, on the said fork thence up the ridge in a northwardly direction with the said conditional line, thence running with all the outside lines of the several surveys made in the name of said Collins around the head of the said fork and down on the south side with the outside lines to three pines standing on top of the ridge named as a corner on the conditional line and with the same to the beginning, including all the land ever owned by the said Collins on said fork above the said conditional line, including about 300 acres."

A large flat rock on Double Lick Fork at the mouth of Old House Branch is conceded to be on the conditional line and there is no disagreement as to that portion of the line running north from it. The disagreement is whether the conditional line below the flat rock runs to the east, as contended by the appellant, or whether it runs south, as contended by the appellees. In other words, the appellant's theory is that the conditional line is practically a right angle, while the appellees' theory is that it is comparatively a straight north-south line.

There are certain factors which help us to determine which of the two possible lines was intended. The outside lines of the Collins surveys to the conditional line as located by the appellant's surveyor do not go around the head of the fork as called for in the deed while these surveys as located by the appellees' surveyor do. Also, the Collins surveys as located by the appellant intersect her conditional line in a meadow, while appellees' location of these surveys intersect their conditional line on a ridge as called for in the deed.

The appellees' straight line conception of the conditional line follows the topography of the area in running with the center of a spur and along an old rail fence. The appellant's right angle conception of the line does not follow any distinctive natural or artificial monument. Another factor is that the Collins to Spears deed of 1859 calls for 300 acres, and the area within the Collins

patents above appellees' north-south conditional line contained approximately that area. On the other hand, the portion of the Collins patents within the appellant's right angle conditional line is less than 100 acres.

Also significant is the proof that the appellant and her husband held possession of the disputed area as tenants of the appellees from 1919 until ousted in 1941 in a forcible detainer proceeding. The appellant, however, denies that the leased land included the area in dispute, but the several leases described the premises by reference to a recorded deed in appellees' chain of title in which the description is substantially the same as that in a Thomas Spears 1865 patent which covered the land purchased from Christopher Collins in 1859.

In a case of this type the evidence must raise more than a doubt in the minds of this court concerning the chancellor's finding before we will disturb it on appeal. Mink v. Pope, Ky., 255 S.W.2d 992. After reviewing this voluminous record, we are convinced that the weight of the evidence supports the chancellor's determination of the boundary line.

The judgment is affirmed.