**John WARNER et al., Appellants,**

v.

**Harland SANDERS, Appellee.**

Court of Appeals of Kentucky.

May 29, 1970.

James J. Gilliece, Covington, for appellants.

Arnold Taylor, O'Hara, Ruberg & Cetrulto, Covington, for appellee.

C. WARREN EATON, Special Commissioner.

Appellee Harland Sanders, the Colonel of Kentucky Fried Chicken fame, brought this action against the appellants to recover of the appellant, John Warner, the sum of $7,200.00, and to set aside as fraudulent a certain conveyance of real property from John Warner to his wife, Willene. There being mixed issues of law and equity, the chancellor referred it to the master commissioner. No objection to this procedure appears on this appeal. After a hearing, the commissioner made a report as to his findings and recommended that the appellee recover of John Warner the sum of $7,200.00 which he found to be a loan and not a gift as contended by said appellant, and also found that the transfer from John Warner to Willene Warner was without

consideration and was done with intent to hinder, delay or defraud appellee and should, therefore, be set aside and the property impressed with a lien in favor of Colonel Sanders for the amount due him. Appellants' exceptions to the master commissioner's report were overruled. The chancellor by his judgment affirmed the report of the master commissioner, granted the appellee judgment against John Warner for $7,200.00 from date of the judgment and set aside the property transfer and restored the title jointly to the appellants and impressed a lien thereon for the amount of appellee's recovery.

In their appeal to this court, the appellants raise only two related issues, to-wit: (1) the court erred in overruling their objections to the master commissioner's report, and (2) the master commissioner erred in the conclusions he drew from the evidence. In short, the appellants without one citation of authority argue that the master commissioner and the chancellor erroneously found the $7,200.00 to be a loan whereas under the evidence they were bound to have found it a gift.

In the early part of the 1930's, Harland Sanders was involved in an unfortunate accident in Bell County in which John Warner's older sister, age 12, was killed. Although Sanders states that it was an unavoidable accident, which is really no issue in this action, he did pay all of the expenses resulting from the death.

More than thirty years later John Warner learning of the whereabouts and the fame of Colonel Sanders and recalling Sanders' statement years ago of his willingness to be of help to the Warner family if an occasion arose, put the Colonel on notice by phone as to who he was and where he was living. Sanders followed the phone call up with a pleasant visit with the Warners. Shortly after returning to his home near Lexington, he forwarded Warner a check for $1,000.00, which he designated in his forwarding letter as a gift, and, in addition, he sent a scholarship check of $500.00 to a college for the benefit of Warner's oldest daughter. The scholarship grant was one of many that had been given by Colonel Sanders subsequent to his success in the fried chicken business.

About seven weeks later, both Warner and his wife visited the Colonel at his home near Lexington, at which time there was a conversation between John Warner and Sanders regarding Warner's financial condition. It is at this point that their testimony differs. Warner testified that appellee requested him to furnish an itemized list of his debts so that appellee could then make him a gift of money to satisfy them. Sanders testified that appellant approached him for a loan to straighten out his finances and to relieve him of having to pay a heavy schedule of monthly payments bearing a high interest rate. Appellee told appellant that he would make him a loan without interest provided appellant paid it back at the rate of $100.00 per month and provided also that appellant thereafter paid off the mortgages and had them assigned to the appellee. It was further verbally agreed, according to the appellee, that one of the two properties be sold and the proceeds applied to the appellee's loan. The list of debts was sent by John Warner who thereafter contacted appellee's office while appellee was away. Appellee, while still out of town, instructed his secretary to forward appellant his check for $7,200.00, which was done on October 4, 1966. This check contained no notation as to it being a gift or a loan, but after its negotiation appellee's bookkeeper noted on its face that it was a loan on advice of appellee and it was set up on the books as a loan item.

When no payments were received and no other communication was forthcoming, a demand was sent in January 1967 to the appellant. In March 1967, John Warner conveyed his interest in the real estate to Willene Warner. The $7,200.00 check, after having been received by John had been deposited to Willene's account and had been used to liquidate the various debts against the properties, but no assignments

of the mortgages to appellee were perfected. There was other incidental evidence, but it is not considered necessary to detail all of it in deciding this appeal.

 Counsel for appellants argue that because of various inaccuracies in the statement of facts contained in the master commissioner's report, the entire report and its conclusions are contrary to the facts, so that judgment should have been entered against the appellee on his claim against them. It is true that there were some inaccuracies as to certain times, dates and places but these minor inaccuracies are not considered so material as to require this court to hold that the finding for appellee was erroneous and that the chancellor should have decided in appellants' favor. There obviously was a direct conflict in the testimony as to the basic issues, and it was for the lower court to resolve the issues of fact. Obviously any inaccuracies in the master commissioner's report should have been made known to the chancellor, and could have been made known to him on the filing of exceptions. We will assume that the master commissioner and the chancellor based their report and judgment on the entire record of evidence and not on the basis of these minor inaccuracies.

CR 52.01 provides in part:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. The findings of a commissioner, to the extent that the court adopts them, shall be considered as the findings of the court."

Even if there was some doubt in the minds of the court concerning the findings of the lower court, those findings cannot be set aside, since it would require more than just a doubt in our minds to so do. Mink v. Pope, Ky., 255 S.W.2d 992 (1953); Bowland v. Brown, Ky., 259 S.W.2d 435 (1953) and Swafford v. Manning, Ky., 272 S.W.2d 339 (1954).

This court held in Goff v. Blackburn, 221 Ky. 550, 299 S.W. 164 (1927):

"The rule of the court is not to disturb a commissioner's report which has been confirmed by the circuit court, unless against the weight of the evidence. The case here turns simply on the credibility of the witnesses, and the commissioner's report cannot be disturbed."

Upon a review of all the testimony, we find that although there is a conflict of testimony, there is sufficient evidence to support the report and recommendations of the master commissioner and the judgment of the chancellor.

The judgment is affirmed.

All concur, except OSBORNE, J., who did not sit.