Charles H. FOSTER, Appellant,

v.

Wanell Baize FOSTER, Appellee.

Wanell Baize FOSTER, Cross-Appellant,

v.

Charles H. FOSTER, Cross-Appellee.

Court of Appeals of Kentucky.

Aug. 24, 1979.

Rehearing Denied Nov. 2, 1979.

Freeman B. Blackwell, Louisville, for appellant and cross-appellee.

George B. Walton, Louisville, for appellee and cross-appellant.

Before GANT, COOPER and HOWERTON, JJ.

GANT, Judge.

The parties hereto divorced after 30 years of marriage, the lower court awarding one-half of the marital property to each spouse, providing for maintenance for the wife for five years, and further granting the wife one-third of the future benefits received by the husband in his pension upon retirement. This appeal and cross-appeal are primarily concerned with the division of the pension benefits.

The husband, 58 years of age, has worked for American Synthetic Rubber Co. for 19 years. His pension plan provides monthly payments upon retirement based on $10.00 multiplied by the number of years of continuous service. Although contribution to the fund was made solely by the employer, the plan had been amended to comply with the requirements of the Employee Retirement Income Security Act (ERISA), and was fully vested under the provisions of that Act and the plan itself because of the length of service and the age of the husband. The plan further provided for disability benefits and for reduced monthly benefits upon early termination of employment.

There is a conflict among the states which have faced the question of whether a noncontributory retirement or pension plan is marital or nonmarital property. *See Phillipson v. Board of Admin. Pub. Emp. Ret. Sys.,* 3 Cal.3d 32, 89 Cal.Rptr. 61, 473 P.2d 765 (1970); *In re Marriage of Fithian,* 10 Cal.3d 592, 111 Cal.Rptr. 369, 517 P.2d 449 (1974); *In re Marriage of Brown,* 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976), all holding said funds marital property and subject to division; *In re Marriage of Ellis,* 538 P.2d 1347 (Colo.App.1975), and *Ellis v. Ellis,* 552 P.2d 506 (Colo.1976), both holding said plans nonmarital. We feel that the direction of the Kentucky courts has been set by *Beggs v. Beggs,* Ky., 479 S.W.2d 598 (1972). Although that case concerned a contributory fund, in contrast to the noncontributory fund in the instant case, the vested rights, not the contribution of the teacher, were determinative. Even though this pension plan was noncontributory, it was a part of the consideration earned by the husband during marriage. In addition, and most importantly, it was vested so that the husband was entitled to receive monthly payments upon termination for any cause, with only the amount to be fixed.

■ It is therefore our opinion, under these circumstances in which the husband had received the benefits of this plan for 19 years, and his rights had become vested, all of which occurred during the marriage, his retirement plan is marital property, subject to proper division.

■ The wife, as cross/appellant, urges that the 50/50 ratio used for other property should be utilized in this division, asking for a lump-sum payment of the present value or 50% of the value at retirement. The actuary in this case placed the present value of the pension at $21,181.90. However, the husband is not entitled, at any time, to

draw a lump-sum payment, and his rights and benefits are prospective only. We feel that the lower court was correct in making the rights of the spouse equally prospective, and do not consider the ratio of two-thirds/one-third inequitable. The wife is not entitled to share in any pension benefits earned after divorce and before retirement, and it would clearly be possible for this pension to increase by $70.00 a month before retirement. We therefore find no abuse of discretion by the lower court.

The claim of the wife/cross-appellant that the court did not include the bank accounts in the division of property is without merit.

The judgment is affirmed.

All concur.