**Edwin Earl PERRY, Appellant,**

v.

**Sandra Kay PERRY, Appellee.**

**No. 2003–CA–000995–MR.**

Court of Appeals of Kentucky.

June 25, 2004.

Rehearing Denied Aug. 12, 2004.

Melanie Straw–Boone, Louisville, KY, for Appellant.

Bonnie M. Brown, Louisville, KY, for Appellee.

Before COMBS, Chief Judge; DYCHE, Judge; and EMBERTON, Senior Judge.[1]

### OPINION

COMBS, Chief Judge.

Edwin Perry ("Ed") appeals from a decision of the Jefferson Family Court en-

---

1. Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

tered April 1, 2003. The Court interpreted a 1985 divorce settlement agreement as entitling Ed's former wife, Sandra Perry ("Sandra"), to 30% of his pension as it was valued on November 1, 2000, the date of his retirement, instead of October 8, 1985, the date of their divorce. We reverse and remand.

Ed and Sandra were married for twenty years before they divorced. On July 19, 1985, they entered into a final property settlement agreement ("PSA") due to irreconcilable differences. Sandra's attorney, Phillip Deeb, Sr., drafted the terms of the agreement. It provided that: "Petitioner shall receive 30% of Respondent's vested pension at General Electric Company if and when he retires." In addition, Sandra was awarded 100% of her own pension plan. Their final decree of dissolution was entered on October 8, 1985.

Ed retired on November 1, 2000. On July 30, 2001, and February 7, 2001, Ed and Sandra submitted Qualified Domestic Relations Orders ("QDRO's"). Ed's QDRO provided Sandra with 30% of the retirement benefit effective as of the date of the Decree of Dissolution. Sandra's QDRO provided that her 30% of the retirement benefit should be effective as valued on November 1, 2000.

On March 27, 2002, a hearing was held in the Jefferson Family Court. Attorney Deeb testified and acknowledged that the clause was ambiguous. He had no recollection as to the agreed date for pension valuation.

On April 1, 2003, the trial court ordered that Sandra receive 30% of Ed's vested pension benefits valued as of the date of his retirement on November 1, 2000. Its order provided no explanation or elaboration as to its reasoning. This appeal followed.

Ed contends that the trial court erred in interpreting that the parties' property settlement agreement be construed to value Sandra's share of his pension at its value on his date of retirement. He argues that the sum to which Sandra was entitled became fixed as of the date of dissolution fifteen years earlier—with its actual receipt postponed until his retirement. We agree.

 The rules of contract construction provide that "when a contract is susceptible of two meanings, it will be construed strongest against the party who drafted and prepared it." *B. Perini & Sons, Inc. v. Southern Railway Co.,* Ky., 239 S.W.2d 964, 966 (1951). "The Court cannot read words into the contract which it does not contain." *Goff v. Blackburn,* Ky.App., 221 Ky. 550, 299 S.W. 164, 165 (1927). Sandra contends that the clause is unambiguous. However, the very institution of this legal action clearly reveals that the clause is capable of two meanings. Although the language provides that Sandra is to receive "vested" benefits, it does not furnish a specific valuation date. Mr. Deeb, who drafted the provision on Sandra's behalf, candidly testified that the clause was "possibly ambiguous" and that he could not remember its intended interpretation. We conclude that the clause is indeed ambiguous as to the correct valuation date of the pension.

Kentucky courts have consistently held that pensions in divorce proceedings are to be valued as of the date of decree of dissolution. *Foster v. Foster,* Ky.App., 589 S.W.2d 223 (1979). *Foster* broadly assessed the issue by asserting that a spouse "is not entitled to share in any pension benefits earned after divorce and before retirement." *Id.* at 225. Directly addressing the valuation of pension and profit sharing plans, this Court held in *Clark v. Clark,* Ky.App., 782 S.W.2d 56, 62 (1990),

"that the correct date for such valuation is the date of the dissolution decree."

In *Light v. Light*, Ky.App., 599 S.W.2d 476, 478 (1980), this Court reiterated the rule of *Foster, supra*, that a pension is marital property that ceases to appreciate **after** the date of the divorce:

> The value of a pension, if any, should therefore be marital property for the portion accrued during coverture. This fact is true for any pension whether nonvested or noncontributory.

We hold that the disputed language was ambiguous and that the pertinent case law dictates that the pension should be valued as of the date of decree.

Therefore, we reverse the judgment awarding Sandra pension benefits valued at the time of Ed's retirement and remand for entry of a judgment awarding her benefits in the pension as valued on October 8, 1985.

ALL CONCUR.