**Beulah PAYNE, Appellant**

v.

**Joel Lynn RUTLEDGE, Executrix for the Estate of Stanley Rutledge; and Joel Lynn Rutledge, Appellees.**

**No. 2011–CA–000953–MR.**

Court of Appeals of Kentucky.

Feb. 8, 2013.

Marcia A. Smith, David O. Smith, Corbin, KY, for appellant.

Gary W. Brittain Corbin, KY, for appellee.

Before ACREE, Chief Judge; MOORE and THOMPSON, Judges.

## OPINION

ACREE, Chief Judge:

This matter involves a dispute over a shared driveway. Beulah Payne filed suit against Stanley and Joel Lynn Rutledge claiming they had breached an agreement concerning maintenance of an easement, demanding that the easement be terminated, and seeking damages for the alleged breach. The Knox Circuit Court entered summary judgment in favor of the Rutledges, finding the uncontested evidence

demonstrated they had not breached the agreement and furthermore, breach of the agreement would not warrant termination of the easement. We are asked on appeal to determine whether the circuit court correctly construed the agreement as a matter of law. We affirm the judgment in its entirety.

## I. Facts and procedure

Payne and her husband acquired a plot of land in 1976.[1] They lived in the house which had been built on that land. In 1983, they conveyed a portion of the property to their son and daughter-in-law, Earl and Paula Payne, who built their own home there. Rather than building a separate driveway for the new home, Earl and Paula simply used the driveway which served the home in which Payne and her husband lived.

Earl and Paula sold their home to Stanley Rutledge in 1993.[2] Nearly simultaneously with the sale of the home, Rutledge entered into an agreement with Payne entitled, "Easement and private road maintenance agreement." The relevant substance of the agreement follows:

> WHEREAS, the parties share a driveway located between their respective properties; and
>
> WHEREAS, the parties desire to set forth with particularity[ ] their agreement regarding maintenance of the aforesaid driveway;
>
> NOW THEREFORE[,] for and in a valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties do hereby ratify the easement of the other in and to the driveway existing between their proper-

ties[ ] and agree that all costs and expenses incidental to the maintenance, repair[,] or rebuilding of ... said driveway shall be equally born[e] by the parties with [Payne] paying one-half of such costs and expenses, and [Rutledge] paying one-half of such costs and expenses.

Prior to 2003, the driveway had always been merely dirt or gravel covered. Payne then decided to pave it with concrete. At the same time, she also chose to pour concrete for a walkway and a step on her property which were not part of the easement. She did not alert Rutledge to her intention regarding the driveway, however, until the day the workers came to pour the concrete. She later demanded that the Rutledges pay one-half of her expenses, which she estimated to be $3,500.

The Rutledges refused to contribute to the cost of the concrete work. Payne filed suit against her neighbors in 2010 alleging they had breached the contract by failing to pay for half of the work and seeking an order of rescission or termination of the easement.

The Rutledges disagreed that Payne was entitled to the recovery she sought. First, they claimed, a portion of the area paved with concrete—including part of the driveway, the walkway, and step—was not part of the easement and therefore not subject to the maintenance agreement. Furthermore, they maintained, the agreement did not permit either party to unilaterally choose to pave the dirt and gravel driveway. They argued that, without their prior consent to undertake such a change, they were not responsible to help bear the cost. The Rutledges noted that although

---

1. Although Payne's husband is listed on the deed, he was not a party to the agreement at issue or the action below.

2. Stanley later married Joel Lynn, who is party to this action. During the pendency of the action, Stanley died and Joel Lynn, as executrix for her husband's estate, substituted as a party.

Payne had quoted a sum as the cost of the concrete work, she had failed to provide invoices, receipts, or other proof in support of that figure. They believed they were not obligated to pay Payne the amount she demanded without proof of the actual cost. Finally, the Rutledges claimed that the easement existed independent of the written agreement, and it could therefore not be terminated even if the agreement were rescinded.

Following a period of discovery, the Rutledges filed a motion for summary judgment. The circuit court noted that the parties disagreed—and had presented conflicting evidence—about the exact boundaries of the easement, but stated the disagreement was immaterial because the matter could be resolved on other, undisputed grounds. Based on those undisputed grounds, the circuit court entered summary judgment in favor of the Rutledges.

Payne appealed claiming three errors on the part of the circuit court. First, she claims it was error to find that paving the drive with concrete was beyond the subject matter of the easement and maintenance agreement. Second, she claims it error to hold that the Rutledges' prior consent was necessary before Payne could require them to defray the cost of paving. And third, she claims the court erred by failing to rescind the agreement.

## II. Standard of review

A circuit court may enter summary judgment only when there is no genuine issue of material fact and the movant is entitled to prevail as a matter of law. *Inter–Tel Technologies, Inc. v. Linn Station Properties, LLC,* 360 S.W.3d 152, 165 (Ky.2012). Because the resulting judgment involves only questions of law, our review is *de novo. Jones v. Board of*

3. Payne stated in her deposition that she had once covered the dirt with gravel, but that the

*Educ. of Laurel County,* 295 S.W.3d 120, 121 (Ky.App.2008) (citation omitted).

## III. Analysis

### A. Paving the drive not contemplated by the easement and maintenance agreement

■ The circuit court first concluded that paving the dirt drive[3] with concrete was a radical change to the structure that was the subject matter of the easement, and outside the *maintenance* contemplated by the parties' agreement. Consequently, the circuit court found Payne could not undertake this task and expect her neighbors to pay for half of the cost without their prior agreement.

Payne argues the circuit court should have found her actions constituted a *rebuilding* of the driveway, as expressly permitted by the written agreement. She believes the Rutledges were obligated to pay for half of the construction cost on that basis.

■ As a general matter, construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court. Where there is no ambiguity, a written instrument is to be strictly enforced according to its terms which are to be interpreted by assigning language its ordinary meaning and without resort to extrinsic evidence.

*Allen v. Lawyers Mut. Ins. Co. of Kentucky,* 216 S.W.3d 657, 659 (Ky.App.2007) (internal citations and quotations omitted). The circuit court identified no ambiguity.

Whether Payne's paving of the drive was permitted by the terms of the contract will depend upon the meanings of the

gravel had been washed away in the first heavy rain.

words *maintain, repair,* and *rebuild,* as used therein.

The opinion rendered in *Thompson v. Bracken County* is helpful in ascertaining the meaning of the words at issue in this case. 294 S.W.2d 943 (Ky.1956). In *Thompson,* the following definitions were adopted:

The word 'improve' is defined thus: 'to augment or enhance in value or good quality; to make more profitable, excellent, or desirable; to better; to raise the value of; to make useful additions or amendments; to bring nearer to perfection[.'] The word 'construct' is defined to mean: 'to build, form, or make.'

'[M]aintain' [is defined] as: 'to hold or keep in any particular state or condition; to support, sustain, or uphold; to keep up, not to suffer to fail or decline.' 'Repair' is defined as 'to restore to a sound or good state after decay, injury, dilapidation, or partial destruction; to reinstate, remedy, heal, make right[,] or mend[.']

*Id.* at 946 (quoting Webster's International Dictionary, 2nd Edition; internal citation omitted). Ultimately in that case, the Court decided, " 'improve' and 'construct' mean to make better the original status, while 'maintain' and 'repair' mean to preserve or remedy the original condition." *Id.*

The facts and legal questions central to *Thompson* are not entirely indistinguishable from our own; however, the differences that exist do not present a reasonable basis upon which to deviate from the definitions applied in that case. We believe the actions Payne undertook in modifying the driveway most resemble *improving,* as defined by *Thompson,* a term not included in the maintenance agreement. By having concrete poured over what was previously a dirt path, Payne added value to the property, making better the original state of the driveway, an action not permitted by the agreement's sanction of maintenance, repair, or rebuilding.

This definition of *improvement* is consistent with those offered by other sources. Black's Law Dictionary defines *improvement* as, "[a]n addition to real property, whether permanent or not; esp., one that increases the value or utility or that enhances its appearance." IMPROVEMENT, 9th ed.2009. "Generally speaking, the word *improvement* includes everything that permanently enhances the value of premises for general uses." 41 Am.Jur.2d Improvements, § 1 (1995) (footnote omitted). An improvement may also be a modification which "enhance[s] the beauty or utility of that property" even when it does not increase the value. *Id.*

In *Thompson,* the terms *improve* and *construct* were found to have essentially identical meanings. *Id.* We have considered and rejected the temptation to equate the term *construct* with *build,* and then to equate *build* with *rebuild.* However, the term *build,* as discussed in *Thompson,* presumes that prior to the *building* there was no structure on the same site. *See* 294 S.W.2d at 946. To *rebuild,* on the other hand, means, "to repair, esp. to dismantle and reassemble with new parts[;] ... to replace, restrengthen, or reinforce[;] ... to revise, reshape, or reorganize[;] ... to build again or afresh ... [.]" The Random House Dictionary of the English Language, 2nd ed.(1987). This definition presumes that there was an existing structure on the site of the rebuilding prior to the rebuilding. So, according to *Thompson, rebuilding,* like *maintaining* and *repairing,* means "to preserve or remedy the original condition." *See id.* (citing *Dougherty v. Taylor & Norton Co.,* 5 Ga. App. 773, 63 S.E. 928 (1909)).

Paving a dirt or gravel drive with concrete is an improvement rather than a

rebuilding. Such improvement was therefore outside the plain terms of the agreement, and the circuit court properly entered summary judgment in favor of the Rutledges on this issue.

*B. Contract did not grant right to impose costs for work it did not contemplate*

In her second argument, Payne claims the circuit court erroneously ruled that she was obligated to obtain the Rutledges' consent before undertaking work on the driveway. This is not correct.

Either party could undertake any work on the driveway without the other party's consent. The contract memorialized the parties' agreement to share the cost of necessary work that was actually contemplated by the contract, including maintaining the drive; the contract *did not* authorize or require the sharing of costs for work *not* contemplated by the contract. Improving the driveway was not contemplated by the contract; therefore, before Payne could claim the right to compel the Rutledges to bear half the cost of the improvement, the Rutledges would have to have so consented. We read the circuit court's order as saying as much. We disagree with Payne's assertion that the circuit court "read words into the contract which it does not contain." *Perry v. Perry*, 143 S.W.3d 632, 633 (Ky.App.2004) (citing *Goff v. Blackburn*, 221 Ky. 550, 299 S.W. 164, 165 (1927)). This argument does not present grounds for reversal.

Furthermore, Payne has not appealed the circuit court's meritorious alternative holding that Payne's failure to submit adequate proof of costs to trigger their obligation to pay, the Rutledges refusal to pay did not constitute a failure to perform a contractual obligation. We will not disturb that holding. For all these reasons, we find no breach of the agreement by the Rutledges.

*C. The circuit court's failure to rescind the contract was not erroneous*

Payne was not entitled to rescission of the easement agreement. The circuit court found no breach had occurred and identified no other circumstance which would justify rescission. Rescission is permitted only for a substantial or material breach, misrepresentation, or non-performance. *Evergreen Land Co. v. Gatti*, 554 S.W.2d 862, 865 (Ky.App.1977). Because we see no grounds for disturbing the circuit court's conclusion that there was no breach, we also see no grounds justifying rescission of the contract.

## IV. Conclusion

The Knox Circuit Court's summary judgment in favor of the Rutledges is affirmed.

ALL CONCUR.